# EXHIBIT 7

# Initial Report on the
# Independent Dispute Resolution (IDR) Process
# April 15 – September 30, 2022





1

# Introduction

The No Surprises Act[1] (NSA) and its implementing regulations[2] establish a Federal Independent Dispute Resolution (IDR) process that out-of-network (OON) providers, facilities, and providers of air ambulance services, and group health plans, health insurance issuers in the group and individual markets, and Federal Employees Health Benefits (FEHB) Program carriers[3] (collectively, the disputing parties) may use to determine the OON rate for applicable items or services after an unsuccessful open negotiation period. For each calendar quarter in 2022 and each calendar quarter in subsequent years, the Departments of Health and Human Services (HHS), Labor, and the Treasury (collectively, the Departments) are required to publish on a public website certain information about the Federal IDR process. This information includes the following:

1. The number of Notices of IDR Initiation submitted during the calendar quarter.
2. In the case of items or services that are not air ambulance services, the size of the provider practices and the size of the facilities submitting Notices of IDR Initiation during the calendar quarter.
3. The number of Notices of IDR initiation for which a final determination was made, including for each final determination:
   - A description of each item and service or air ambulance service (as applicable);
   - The geographic area in which the items and services were provided;
   - The amount of the offer submitted by each party expressed as a percentage of the qualifying payment amount (QPA);
   - Whether the offer selected by the certified IDR entity was the offer submitted by the plan or issuer (as applicable) or was the offer submitted by the nonparticipating provider, nonparticipating emergency facility, or nonparticipating provider of air ambulance services (as applicable) and the amount of the selected offer expressed as a percentage of the QPA;
   - In the case of items or services that are not air ambulance services, the category and practice specialty of each provider or facility involved in furnishing such items and services;
   - In the case of air ambulance services, the air ambulance vehicle type; including the clinical capability level of such vehicle;
   - The identity of the health plan or health insurance issuer, provider, or facility;
   - The length of time in making each determination; and

---

[1] Enacted as part of the Consolidated Appropriations Act, 2021 (Pub. L. 116-260).
[2] Requirements Related to Surprise Billing; Part I, 86 Fed. Reg. 36872 (July 13, 2021), https://www.federalregister.gov/documents/2021/07/13/2021-14379/requirements-related-to-surprise-billing-part-i.; Requirements Related to Surprise Billing; Part II, 86 Fed. Reg. 55980 (October 7, 2021), https://www.federalregister.gov/documents/2021/10/07/2021-21441/requirements-related-to-surprise-billing-part-ii; and Requirements Related to Surprise Billing, 87 Fed. Reg. 52618 (August 26, 2022), https://www.federalregister.gov/documents/2022/08/26/2022-18202/requirements-related-to-surprise-billing.
[3] Under 5 U.S.C. 8902(p), Federal Employees Health Benefits Act contracts must require FEHB carriers to comply with requirements described in these IDR provisions in the same manner as such provisions apply to group health plans and health insurance issuers.

continuing to publish technical assistance to help disputing parties and certified IDR entities resolve disputes expeditiously, including the most recent set of guidance for certified IDR entities and for disputing parties.[24, 25, 26]

### Federal vs. State Jurisdiction

22 states have specified state laws or All-Payer Model Agreements that protect consumers from surprise billing and provide a method for determining the OON rate in certain circumstances; many of these state laws were in effect at the time the NSA was passed.[27] Generally, the Federal IDR process does not apply in instances where a specified state law or All-Payer Model Agreement under Section 1115A of the Social Security Act provides a method for determining the total amount payable under a group health plan or group or individual health insurance coverage with respect to the OON items and services furnished by the provider or facility.

In many states, some items or services provided by OON providers, facilities, or providers of air ambulance services may be subject to the Federal IDR process, while other items and services are subject to a specified state law or All-Payer Model Agreement (bifurcated states). Disputes submitted in these bifurcated states require further review by certified IDR entities to determine eligibility for the Federal IDR process. Over two-thirds of the disputes submitted to the Federal IDR portal in the first six months involved items or services furnished in bifurcated states, particularly in Texas (24,987), Florida (9,695), and Georgia (7,288).

==Determining whether the Federal IDR process is applicable to an item or service that is the subject of a payment dispute in a bifurcated state is complex.== To assist certified IDR entities with this determination, the Departments published a Chart for Determining the Applicability for the Federal Independent Dispute Resolution (IDR) Process and the Chart Regarding Applicability of the Federal Independent Resolution (IDR) Process in Bifurcated States on August 23, 2022.[28]

==The health plan type is nearly always required to determine whether the payment dispute is subject to state law or the Federal IDR process.== The Federal IDR process generally applies to self-insured plans sponsored by private employers or private employee organizations in all states, except in cases where a self-insured plan has opted into a specified state law, in a state that permits these plans to opt in.[29] In addition, the Federal IDR process generally applies to FEHB plans in all states, except in cases where an OPM contract with an FEHB carrier includes terms that adopt the state process.

Certified IDR entities can determine eligibility more efficiently when information about the health plan type is made available to the provider by the plan, issuer or carrier with the initial

---

[24] https://www.cms.gov/CCIIO/Resources/Regulations-and-Guidance/Downloads/Federal-Independent-Dispute-Resolution-Process-Guidance-for-Certified-IDR-Entities.pdf.
[25] https://www.cms.gov/files/document/TA-certified-independent-dispute-resolution-entities-August-2022.pdf.
[26] https://www.cms.gov/files/document/federal-independent-dispute-resolution-guidance-disputing-parties.pdf.
[27] https://www.cms.gov/files/document/caa-federal-idr-applicability-chart.pdf.
[28] https://www.cms.gov/nosurprises/policies-and-resources/overview-of-rules-fact-sheets.
[29] Currently, there are 6 states that permit self-insured plans to opt in: New Jersey, Nevada, Maine, Georgia, Washington, and Virginia.

10

disputes that were initiated in 2022 Q2 and Q3 and are not yet invoiced or paid (that is, these dollar figures exclude fees that have not yet been collected by HHS). Because disputes can be closed prior to the certified IDR entity collecting administrative fees from both parties, some disputes that are initiated will not necessarily result in full payment of administrative fees to HHS. This most commonly occurs when a dispute is deemed ineligible for the Federal IDR process.



Department of Health & Human Services
200 Independence Ave S.W.
Washington D.C. 20201
Toll Free Call Center: 1-877-696-6775
www.hhs.gov



Department of Labor
200 Constitution Ave N.W.
Washington, DC 20210
1-866-4-USA-DOL / 1-866-487-2365
www.dol.gov



Department of the Treasury
1500 Pennsylvania Ave N.W.
Washington, D.C. 20220
General Information: (202) 622-2000
www.treasury.gov

**Initial Report on the Independent Dispute Resolution (IDR) Process**

**April 15 – September 30, 2022**

This communication was printed, published, or produced and disseminated at U.S. taxpayer expense.