# EXHIBIT 9

## CMS Newsroom

Fact Sheets     Oct 27, 2023

# No Surprises Act Independent Dispute Resolution Process Proposed Rule Fact Sheet

Affordable Care Act

Share

In the Federal Independent Dispute Resolution (IDR) Operations proposed rule released today, the Departments of Health and Human Services, Labor, and the Treasury (the Departments) and the Office of Personnel Management propose certain new requirements for group health plans and health insurance issuers; providers, facilities, and providers of air ambulance services (also known as "providers"); and certified IDR entities as they relate to the Federal IDR process under the No Surprises Act (NSA).

The proposed rule addresses specific issues critical to improving the functioning of the Federal IDR process in response to feedback and challenges noted by interested parties. Overall, if finalized, this proposed rule would facilitate improved communications between payers, providers, and certified IDR entities; adjust specific timelines and steps of the Federal IDR process; establish new batching provisions; create more efficiencies; and change the administrative fee structure to improve accessibility of the process. It is the Departments' intention that together, these proposals would result in improved operations of the Federal IDR process and more timely payment determinations.

**Early Communication Between Payers and Providers**

An early and critical exchange of information between disputing parties occurs when a payer, in response to a submitted claim that may be subject to the NSA,

sends a provider either an initial payment or a notice of denial of payment. At that time, the payer must disclose to the provider important information about the claim, including the qualifying payment amount (QPA) and contact information for initiating the open negotiation period. This information helps parties decide whether they would like to contest the initial payment or notice of denial of payment and begin to assess whether the claim in question is eligible for the Federal IDR process.

Payers and providers have reported difficulties in communicating and obtaining key information necessary to resolve payment disputes. In order to ensure that all parties have the information necessary to determine whether a payment dispute is eligible for the Federal IDR process, the Departments are proposing to require that payers provide additional information at the time of initial payment or notice of denial of payment, including the legal business name of the plan (if any) or issuer, the legal business name of the plan sponsor (if applicable), and its IDR registration number, further described under the "IDR Registry" section of this fact sheet. The Departments further propose to require payers to include in these disclosures a statement explaining that providers must notify the Departments to initiate open negotiation, as described in the "Open Negotiation" section of this fact sheet.

Additionally, the Departments propose to require payers to communicate information to providers by using specific claim adjustment reason codes (CARCs) and remittance advice remark codes (RARCs), to be specified in guidance, when they provide any paper or electronic remittance advice to an entity that does not have a contractual relationship with the payer. Payers would provide the applicable CARCs and RARCs to communicate information related to whether a claim for an item or service furnished by an out-of-network provider or facility is or is not subject to the No Surprises Act's surprise billing provisions and eligible for the Federal IDR process. The guidance specifying specific CARCs and RARCs would be distinct from the list of NSA-related RARCs effective on March 1, 2022, which would remain available for voluntary use by payers. These proposed changes would facilitate communication between parties prior to and during open negotiation and reduce the number of ineligible payment disputes submitted to the Federal IDR process.

### Open Negotiation

The NSA and its implementing regulations established a 30-business-day open negotiation period to provide disputing parties with an opportunity to agree on an appropriate payment rate without resorting to the Federal IDR process. Beyond giving parties a chance to reach an agreement without incurring the fees and costs associated with the Federal IDR process, open negotiation is an additional point at which disputing parties can exchange information about the items and services under dispute in order to better assess whether the claim is appropriate to proceed to the Federal IDR process.

The Departments have received numerous reports that parties are not meaningfully engaging in open negotiation before proceeding to the Federal IDR process, including reports of open negotiation notices submitted containing large numbers of items and services, not all of which would be eligible for the Federal IDR process.

To improve communication and information exchange between parties and promote efficiencies in the Federal IDR process, the Departments propose several changes to the open negotiation requirements. First, the Departments propose to require that a party provide an open negotiation notice to the other party and the Departments through the Federal IDR portal to initiate the open negotiation period. The Departments also propose to specify that the 30-business-day open negotiation period begins on the date when the party submits the open negotiation notice and a copy of the remittance advice or notice of denial of payment to the other party and the Departments through the Federal IDR portal. Under this proposed rule, the open negotiation notice would include several new required content elements to help parties identify the item or service, the reasons for the denial of payment or initial payment amount, and whether the Federal IDR process applies.

In addition to amending the open negotiation notice requirements, the Departments propose to establish an open negotiation response notice. Specifically, the Departments propose to require that the open negotiation response notice be furnished by the party in receipt of the open negotiation notice to the other party and the Departments by the 15th business day of the 30-business-day open negotiation period.

These proposed changes would create more certainty regarding whether and when an open negotiation period occurred by ensuring that start and end dates are documented in the Federal IDR portal. Additionally, these proposed changes may reduce the number of ineligible disputes initiated by requiring the exchange of eligibility information through the open negotiation notice and the open negotiation response notice.

*Batching*

The NSA and its implementing regulations give initiating parties the ability to include multiple items or services as separate payment determinations in a single dispute (referred to as a "batched dispute") to improve efficiency and minimize costs for disputing parties. Generally, parties realize these efficiencies when the services being disputed are similar or the information that disputing parties submit about those services is similar. Many interested parties have suggested that the Departments should allow for more flexibility in the requirements for which items and services can be batched into a single dispute.

After carefully reviewing this input, the Departments propose new batching provisions addressing when qualified IDR items and services relate to treatment of a similar condition and encourage efficiency (including minimizing cost). Specifically, the Departments propose to allow the following qualified IDR items and services to be batched: (1) items and services furnished to a single patient on one or more consecutive dates of service and billed on the same claim form (a single patient encounter); (2) items and services billed under the same service code or a comparable code under a different procedural code system; and (3) anesthesiology, radiology, pathology, and laboratory items and services billed under service codes belonging to the same Category I CPT code section, as specified in guidance by the Departments, in order to address the unique circumstances of these medical specialties and provider types.

The Departments also propose to limit batched determinations to 25 qualified IDR items and services (or "line items") in a single dispute to ensure certified IDR entities can make timely eligibility and payment determinations.

These proposed changes would achieve a balance among several important objectives, including encouraging efficiency (including minimizing costs) within the Federal IDR process without unreasonably impeding payers' or providers'

access to the Federal IDR process and considering relative costs and administrative burden; avoiding creating new operational complexities; and ensuring that items and services included in batched determinations have a clear organizing principle that makes for logical and consistent payment determinations across certified IDR entities.

### IDR Eligibility

Eligibility determinations have proven to be complex, time-consuming, resource-intensive, and often uncompensated activities that impede timely payment determinations. The Departments are of the view that the primary cause of delays in processing disputes has been the complexity of determining whether disputes are eligible for the Federal IDR process. The No Surprises Act does not specify a timeframe in which eligibility for the Federal IDR process should be completed.

To address these issues, the Departments propose to require certified IDR entities to determine eligibility within five business days of final certified IDR entity selection and notify both disputing parties and the Departments. To support timely eligibility determinations, conflict of interest reviews, and payment determinations, the Departments propose to require the parties to submit additional information to the certified IDR entity or the Departments within five business days of the request for additional information.

The Departments also propose to establish a Departmental eligibility review process to support eligibility determinations during a period of systemic delay or other extenuating circumstances. Specifically, the Departments propose that the Departmental eligibility review would apply when the Departments determine that any of the extenuating circumstances require the application of the Departmental eligibility review to facilitate timely payment determinations or the effective processing of disputes under the Federal IDR process. Further, before invoking or ending the application of the Departmental eligibility review, the Departments would provide advance public notification of the date on which the Departmental eligibility review will begin or and the reasons for invoking or ending the application of the Departmental eligibility review. The Departmental eligibility review would be limited to determining eligibility for the Federal IDR process and would not involve making any payment determinations.

These proposed changes would better ensure certified IDR entities are able to spend the majority of their time and resources on payment determinations for eligible IDR items and services, reduce the need for certified IDR entities to temporarily suspend their acceptance of new disputes, facilitate timely payment determinations, and encourage effective processing of disputes under the Federal IDR process.

### Administrative Fee

As required by statute, both parties to a dispute must pay a non-refundable administrative fee for participating in the Federal IDR process to ensure that the process is financially self-sustaining. It is a priority of the Departments to ensure that, when parties are unable to resolve disputes in open negotiation, the Federal IDR process is available and accessible. Through this proposed rulemaking, the Departments are looking to balance that priority with the need to ensure adequate funding to operate the Federal IDR process, as required by law.

To achieve this goal and streamline the collection of administrative fees from the disputing parties, the Departments propose to collect the non-refundable administrative fee directly from the disputing parties rather than having the certified IDR entities collect the administrative fee on the Departments' behalf. The Departments also propose that the initiating party would be required to pay the administrative fee within two business days of the date of preliminary certified IDR entity selection, while the non-initiating party would be required to pay within two business days of receiving notice of an eligibility determination. To support the efficient administration of this proposed revised administrative fee collection process, the Departments propose that if an initiating party fails to pay the administrative fee as required, the dispute would be closed for non-payment, and neither party would owe the administrative fee. Similarly, if a non-initiating party does not pay the administrative fee as required, that party's offer would not be considered received. The Departments also propose to establish debt collection procedures of the Federal IDR process in the event that a non-initiating party fails to pay the administrative fee in a timely manner.

Finally, to ensure that the Federal IDR process is accessible to all parties, the Departments propose to charge both parties a reduced administrative fee when the highest offer made during open negotiation by either disputing party was less

than a predetermined threshold, and the Departments propose to charge the non-initiating party a reduced administrative fee when the dispute is determined ineligible by either the certified IDR entity or the Departments. To align with these proposals, the Departments also propose the administrative fee amounts associated with these proposals.

These proposed changes to the administrative fee would align financial incentives for disputing parties with the efforts associated with administering the Federal IDR process. These proposed changes would also ensure that disputing parties pay an administrative fee to participate in the Federal IDR process even if the dispute is determined to be ineligible, remove the operational burden from certified IDR entities of processing administrative fees and remitting them to the Departments, improve the accessibility of the Federal IDR process for certain types of parties, more fairly allocate the costs associated with ineligible disputes, and help reduce the need for future increases to the administrative fee rate.

### Extenuating Circumstances

The Departments also propose to amend the extenuating circumstances in which the time periods may be extended by the Departments. Specifically, the Departments propose such extenuating circumstances include events that contribute to systematic delays in processing disputes under the Federal IDR process, such as an unforeseen volume of disputes or Federal IDR portal system failures. The Departments also propose to establish that the Departments post a public notice regarding any extension of time periods due to extenuating circumstances that contribute to system delays in processing disputes. Parties may continue to request an extension by submitting a request for an extension due to extenuating circumstances through the Federal IDR portal as permitted under the rules.

### IDR Registry

Providers report that when they initiate open negotiation and the Federal IDR process, it is often difficult to identify the payer and the correct contact information for initiating open negotiation or a dispute and delineate between different group health plans offered by the same plan sponsor. In order to address these issues, the Departments propose to require payers subject to the Federal IDR process to register with the Departments and provide general

information on the applicability of the Federal IDR process to items or services covered by the plan or coverage. Upon submission of this information, the plan or issuer would receive an IDR registration number ("registration number"). This registration number would make it easier for parties initiating disputes to acquire the information needed to ensure those disputes are eligible for the Federal IDR process. Additionally, parties would have access to the relevant registration number through the disclosures described in this proposed rule. This proposed change would help parties distinguish between different types of coverage (such as distinguishing between insurance coverage offered by an issuer and a group health plan for which an issuer serves as a third-party administrator) and improve information-sharing issues between parties.

###

[Previous Newsroom Article](#)

[Next Newsroom Article](#)







A federal government website managed and paid for by the U.S. Centers for Medicare & Medicaid Services.

7500 Security Boulevard, Baltimore, MD 21244